UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY BERK,

               Plaintiff,

    v.

COINBASE, INC., et al.,

               Defendants.

Case No.  18-cv-01364-VC

**ORDER DENYING MOTION TO COMPEL AND GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 17, 39

1. Coinbase's User Agreement does not "clearly and unmistakably" delegate arbitrability to the arbitrator. The Agreement incorporates the American Arbitration Association's rules for consumer-related disputes, and those rules specify that arbitrability is to be delegated to the arbitrator. But the arbitration portion of the Agreement (section 7.2) itself provides: "If a court decides that any provision of this section 7.2 is invalid or unenforceable, that provision shall be severed and the other parts of this section 7.2 shall still apply." Because that instruction is necessary only if a court – and not an arbitrator – is to determine whether a dispute is arbitrable, it muddles any clear statement of delegation. Coinbase argues that the Agreement should be read as follows: in the event a court concludes that arbitrability is a question for the court *despite* the AAA rules and then decides that a portion of section 7.2 is invalid, that portion shall be severed. But that is not what the Agreement says. Unlike Coinbase's proposed interpretation, which would signal that the parties intend for an arbitrator to decide arbitrability, the text of the Agreement suggests the opposite.

*Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016), is not to the contrary. There, the Ninth Circuit enforced a delegation provision despite a statement in the contract that "any disputes" were "subject to the exclusive jurisdiction" of San Francisco's state and federal courts. *Id.* at 1209. Because there were myriad ways in which a dispute might end up in court notwithstanding the arbitration agreement, the court concluded that the delegation provision did not conflict with the venue provision. *Id.* By the same logic, a general severability provision located outside of a contract's arbitration section does not render a delegation provision ambiguous. *See, e.g.*, *Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF, 2018 WL 4334770, at *5-6 (N.D. Cal. Sept. 11, 2018); *MegaCorp Logistics LLC v. Turvo, Inc.*, No. 18-cv-01240-EMC, 2018 WL 3619656, at *6 (N.D. Cal. July 30, 2018). But here, the arbitration provision directs a court to sever, if necessary, a portion of the arbitration provision itself.  And a court will have occasion to evaluate the arbitration provision only if an arbitrator does not.

The contract at issue in *Mohamed* also expressly stated that the arbitrator was to resolve all disputes, including "without limitation disputes arising out of or relating to interpretation or application" of the arbitration provision. *Mohamed*, 848 F.3d at 1207-08. By contrast, the delegation provision in Coinbase's Agreement is found only in the AAA rules, which are hyperlinked in the Agreement.  Although incorporation of the AAA rules is sufficient to show that sophisticated parties intend to delegate arbitrability in a commercial contract, *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015), that rule does not necessarily have the same force when applied to consumer contracts.  Considering both the incorporation of the AAA rules and the severability provision in the section on arbitration, the Agreement does not "clearly and unmistakably" delegate arbitrability to the arbitrator. *See Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013). As a result, arbitrability is a question for the Court.

With respect to that question, the claims that Berk has thus far attempted to articulate do not "aris[e] under" the Agreement. As evidenced by Coinbase's motion to dismiss – which does not reference the Agreement – assessing whether Coinbase might have engaged in market manipulation or unfair business practices does not require "reference to the underlying agreement or interpretation of the parties' contractual relationship," *Hopkins & Carley, ALC v. Thomson Elite*, No. 10-CV-05806-LHK, 2011 WL 1327359, at *6 (N.D. Cal. Apr. 6, 2011). Coinbase's motion to compel is therefore denied, but without prejudice to its renewing the motion if Berk's next iteration of claims relates directly to the parties' contractual relationship.

2.  Coinbase's motion to dismiss is granted.  Berk's Complaint does not sufficiently articulate the legal bases for his claims. Taking Berk's negligence claim as an example, Berk fails to describe the scope or content of Coinbase's duty in anything more than broad generalities. A reader of the Complaint is thus left wondering what Coinbase should have done differently, or why the rollout of Bitcoin Cash would have gone more smoothly had Coinbase done whatever Berk thinks is appropriate. With one exception, addressed below, dismissal is without prejudice. Any amended complaint must be filed within 21 days of this order.

The exception is Berk's claim under the Commodity Exchange Act. As relevant here, Berk has a private right of action under the CEA only if he used Coinbase to make a "contract of sale of [a] commodity for future delivery" – in other words, a "futures contract." *See CFTC v. Zelener*, 373 F.3d 861, 865 (7th Cir. 2004); 7 U.S.C. § 25(a)(1)(B).  A futures contract involves the sale of a contract, not a commodity.  *See Zelener*, 373 F.3d at 864 ("A futures contract, roughly speaking, is a fungible promise to buy or sell a particular commodity at a fixed date in the future (quoting *Chi. Mercantile Exch. v. SEC*, 883 F.2d 537, 542 (7th Cir. 1989))).  Because Berk used Coinbase to purchase Bitcoin Cash, rather than to make a contract to purchase Bitcoin

Cash at a specific date in the future, he cannot maintain a claim under the CEA. Unlike *CFTC v. McDonnell*, 287 F. Supp. 3d 213 (E.D.N.Y. 2018), on which Berk relies, this case is not an enforcement action brought by the CFTC. Accordingly, Berk's claim under the CEA is dismissed with prejudice.

      **IT IS SO ORDERED.**

Dated: October 23, 2018

_____

VINCE CHHABRIA
United States District Judge