
Robert S. Green (State Bar No. 136183)
James Robert Noblin (State Bar No. 114442)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

Lynda J.  Grant
**THEGRANTLAWFIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone:  (212) 292-4441
Facsimile:  (212) 292-4442
Email:  lgrant@grantfirm.com

Attorneys for Plaintiffs

**KEKER, VAN NEST & PETERS LLP**
STEVEN P. RAGLAND - # 221076
sragland@keker.com
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
MAYA PERELMAN - # 318554
mperelman@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
COINBASE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY BERK, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COINBASE, INC., <br><br> Defendant. | Case No.: 18-cv-01364-VC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:   June 24, 2020 <br> Time:   10:30 a.m. <br><br> Judge: Hon. Vince Chhabria <br> Ctrm:  4, 17th Floor |

The parties jointly submit this Subsequent Case Management Statement in advance of the upcoming June 24, 2020 Telephonic Case Management Conference. The parties have previously submitted a full Joint Case Management Statement, *see* Dkt. 28, as well as two supplemental Joint Case Management Statements, *see* Dkts. 69 and 81. The parties also submitted a Joint Case Management Statement on April 8, 2020, in advance of the originally scheduled Case Management Conference. *See* Dkt. 86.  The parties now submit this revised Case Management Statement.  Pursuant to Local Rule 16-10(d), the parties will focus this statement only on "progress or changes since the last statement was filed" and "proposals for the remainder of the case development process."

1. **Amendment of Pleadings**

Plaintiffs reserve the right to amend the Second Amended Class Action Complaint (Dkt. 51), depending upon the information produced during discovery, as discussed below. Should Plaintiffs not amend the operative complaint, Defendant Coinbase[1] will file an answer, if required, within thirty days of the final resolution of its pending appeal of the Court's August 6, 2019 Order Denying Motion to Compel Arbitration.

2. **Discovery**

   A. **Plaintiffs' Position**

Defendants docketed the appeal of the Court's Order Denying Motion to Compel; Granting in Part and Denying in Part Motion to Dismiss (the "Order") on August 13, 2019. Dkt. 75. On August 21, 2019, the Court held a hearing at which it orally granted Defendant Coinbase, Inc.'s Motion to Stay Pending Appeal (Dkt. 78), other than as to discovery relating to "issues/material that would be used in arbitration proceedings" (the "Discovery Order"). Dkt. 82. Soon after entry of the Discovery Order, the parties entered into protracted settlement discussions. In about mid-March 2020, the parties determined that they were unable to resolve

---

[1] Brian Armstrong and David Farmer are no longer parties to this action, as the Court's August 6, 2019 Order (Dkt. 75) dismissed with prejudice all counts that had been pled against them.

-1-

the action, and that they would proceed with the appeal, which has since been extended, as discussed below.

Accordingly, Plaintiffs re-commenced discovery by attempting to obtain certain documents that were not produced under Plaintiffs' previously served document requests, but which they believe are responsive even under the Discovery Order. To that end, after a brief meet and confer, the parties corresponded until it became evident to Plaintiffs that Defendants did not intend to produce any documents. Consequently, Plaintiffs presently seek production of the following documents, and intend to raise this issue with the Court at the CMC:

1. The documents which defendants reviewed or upon which they relied in determining to proceed with the launch ("Launch") of bitcoin cash ("BCH") when they did, including any document upon which defendants relied in determining that Coinbase was technologically capable of handling the Launch. (Request No. 17).
2. The documents upon which defendants relied in determining to halt trading of BCH on December 19, 2017. (Request No. 17).
3. Communications with employees regarding Coinbase's determination to provide full support for the trading of BCH. (Request No. 18).
4. Communications with the Chicago Mercantile Exchange concerning its launch of bitcoin futures contracts. (Request No. 19).
5. The documents reviewed in connection with the internal investigation of the Launch. (Request No. 20).

**B.     Defendant's Position**

While the parties agree that, pursuant to the Court's August 21, 2019 order, "[d]iscovery may proceed only as to issues/material that would be used in arbitration proceedings," Dkt. 82, they disagree about the scope of issues/material subject to pre-hearing disclosure in arbitration. Moreover, Coinbase believes any ripe discovery dispute is properly raised through a noticed motion and should not—and may not—be litigated in conjunction with a case management statement.  However, because Plaintiffs choose to argue their case in this submission, Coinbase responds accordingly.

Coinbase has already properly responded to Plaintiffs' outstanding discovery requests— all of which were propounded prior to the filing of the Second Amended Complaint *and* prior to the Court's dismissal of most of the claims in that complaint.  Coinbase's responses included production of documents and objections to requests that Coinbase believed were overbroad or otherwise unreasonable.  Now that this case has significantly narrowed and discovery is limited

-2-

to that which would be available in an individual arbitration under the AAA Consumer Rules[2], Plaintiffs are demanding production of a large swath of documents based on their old discovery requests—discovery that Coinbase believes was unjustified even under the Federal Rules of Civil Procedure and based on much broader claims and theories that are no longer part of this case.  Simply put, Plaintiffs' current document demands are neither reasonable nor justified under this Court's order.

Under the relevant AAA rules, no generalized pre-hearing discovery is permitted except as needed to provide for "a fundamentally fair process" as determined by the arbitrator. AAA Consumer Arbitration Rule 22(a). Although parties may identify specific documents and other information to be shared, "[n]o other exchange" is contemplated under the rules, keeping with the principle "that arbitration must remain a fast and economical process." *Id*.  Yet Plaintiffs' requests demand "all documents relating to" broad events (e.g., the launch of BCH, the decision to launch BCH, the decision to stop trading, and so on), and do not even attempt to identify specific documents or information as the AAA rules require.  Nor are the requests tailored to Plaintiffs' surviving negligence claim.  For example, Plaintiffs request "All documents relating to the November 13, 2017 notification to Coinbase employees of Coinbase's decision to support trading in Bitcoin Cash" (RFP No. 18) even though such material could only relate to Plaintiffs' fraud claim, which has been dismissed with prejudice. *See* Dkt. 75 at 6.

Coinbase specifically identified these (and other) deficiencies in a May 22, 2020 letter and invited Plaintiffs to serve requests that comply with the AAA Consumer Rules and are based on the claims that remain in the case rather than claims and theories that have been dismissed. To date, Plaintiffs have served no new requests. Coinbase remains available to substantively meet and confer with Plaintiffs on the proper scope of additional requests, and should Plaintiffs serve appropriately tailored discovery requests, Coinbase will respond accordingly.

---

[2] Because the arbitration agreement here contains a waiver of class claims, any arbitration(s) would have to proceed on an individual basis and any pre-hearing discovery would be specific to that individual claimant.

3. **Settlement and ADR**

The parties engaged in settlement discussions following the last Case Management Conference on August 21, 2019. However, the discussions were not successful and the parties have agreed to proceed on appeal.

4. **Scheduling**

With regard to the current schedule in the Ninth Circuit Court of Appeals, Coinbase filed its opening appellate brief on May 18, 2020; on June 4, 2020, Plaintiffs filed a streamlined request for a 30-day extension to July 17, 2020 to file their answering brief; Coinbase's reply brief is due within 21 days after service of the answering brief.

DATED:  June 17, 2020  **KEKER, VAN NEST & PETERS, LLP**

By: */s/ Steven P. Ragland*
Steven P. Ragland
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email: sragland@keker.com

*Attorneys for Defendant*

DATED:  June 17, 2020  **GREEN & NOBLIN, P.C.**

By: */s/ Robert S. Green*
Robert S. Green
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

**THEGRANTLAWFIRM, PLLC**

Lynda J.  Grant
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone:  (212) 292-4441
Facsimile:  (212) 292-4442

*Attorneys for Plaintiffs*

-4-

## ATTESTATION

I hereby attest that I have obtained concurrence in the filing of this document from each of the other persons whose signatures are indicated by a conformed signature (/S/) within this e-filed document.

DATED:  June 17, 2020                     */s/Steven P. Ragland*
                                                             Steven P. Ragland