FILED

DEC 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY BERK; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> COINBASE, INC., DBA Global Digital Asset Exchange, GDAX, a Delaware corporation; et al., <br><br> Defendants-Appellants. | No.   19-16594 <br><br> D.C. No. 3:18-cv-01364-VC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted December 10, 2020
San Francisco, California

Before: TALLMAN, MURGUIA, and CHRISTEN, Circuit Judges.

Defendant Coinbase, Inc. appeals the district court's order denying its motion to compel arbitration. Coinbase argues that plaintiffs' surviving claim is subject to mandatory arbitration pursuant to the arbitration clause contained in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Coinbase's User Agreement.  We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(B), and we reverse the district court's order.

    1.  We review de novo a district court's decision to grant or deny a motion to compel arbitration.  *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1085 (9th Cir. 2020) (quoting *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004)).  We also review the validity and scope of an arbitration clause de novo.  *Id.* (quoting *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 (9th Cir. 2014)).  The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, requires federal district courts to compel arbitration of claims encompassed by a written and enforceable arbitration agreement.  9 U.S.C. § 3.  On a motion to compel arbitration pursuant to the FAA, the role of the district court is limited to determining: (1) whether a valid arbitration agreement exists; and (2) whether the agreement encompasses the dispute(s) at issue.  *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020).

    Plaintiffs do not contest that they agreed to the terms of the User Agreement or that the User Agreement contained a valid arbitration clause.  The only question before us is whether the arbitration clause in the User Agreement encompasses the plaintiffs' claim.  The User Agreement's arbitration clause provides that "any dispute arising under this Agreement shall be finally settled in binding arbitration,

on an individual basis . . . ." We have held that a claim "arises under" an agreement when it "relat[es] to the interpretation and performance of the contract itself." *Tracer Rsch. Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994) (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983)).

Here, plaintiffs' surviving claim "arises under" the User Agreement. Coinbase operates the Global Digital Asset Exchange (GDAX), through which users may buy and sell cryptocurrencies pursuant to the User Agreement. Plaintiffs' claim concerns the manner in which Coinbase operated GDAX when it launched Bitcoin Cash (BCH) trading. Specifically, plaintiffs allege Coinbase "fail[ed] to make accurate pre-announcements about the [launch of BCH trading], and to take deposits sufficiently in advance to allow liquidity to develop, and to be able to open an orderly market." Although plaintiffs have framed their claim as one for "negligence" sounding in tort, we conclude the claim "relat[es] to the interpretation and performance of the [User Agreement] itself," *Tracer*, 42 F.3d at 1295, and it is thus encompassed by the User Agreement's arbitration clause. *See Aas v. Superior Court*, 12 P.3d 1125, 1135 (Cal. 2000), *superseded by statute on another ground as stated in Rosen v. State Farm Gen. Ins. Co.*, 70 P.3d 351 (Cal. 2003) ("A person may not ordinarily recover in tort for the breach of duties that

3

merely restate contractual obligations. Instead, [c]ourts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." (internal quotation marks omitted)).

Plaintiffs contend that their claim sounds in tort under California law because Coinbase owed an independent duty of care to ensure a functioning marketplace for BCH pursuant to *Biakanja v. Irving*, 320 P.2d 16 (Cal. 1958). We disagree. As a general rule, California law provides "a business entity has no duty to prevent financial loss to others with whom it deals directly." *Quelimane Co. v. Stewart Title Guar. Co.*, 960 P.2d 513, 533 (Cal. 1998). In *Biakanja*, the California Supreme Court carved out a narrow exception to this general rule. *Biakanja* set forth a six-factor test to determine whether a defendant has a tort duty of care to third-parties not in privity. 320 P.2d at 19. Lower California courts have declined to extend *Biakanja* to cases where the parties are in privity with one another. *See, e.g.*, *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*, 143 Cal. App. 4th 1036, 1042 (2006).

In *Stop Loss*, the California Court of Appeal explained that *Biakanja* did not "create broad tort duties in arms-length business dealings whenever it is convenient to resort to the law of negligence." *Id.* Instead, *Biakanja* applied to the narrow

class of cases where "(1) the defendant was acting pursuant to a contract, and (2) the defendant's negligent performance of the contract injures a *third party*." *Id.* (emphasis added).  The court cautioned that applying *Biakanja* to cases in which the parties are in privity "would circumvent this rule and blur the law's distinction between contract and tort remedies."[1]  *Id.* at 1043.

Quite unlike the parties in *Biakanja*, Coinbase and the plaintiffs are not strangers—they are in privity via the User Agreement.  Plaintiffs' alleged injuries resulted from their direct, arms-length dealings with Coinbase.  Accordingly, we are persuaded that the California Supreme Court would not extend a special duty of care between Coinbase and plaintiffs.  To the extent Coinbase owed plaintiffs a duty related to the launch of BCH trading, it arose under the User Agreement.

We reverse the district court's order denying Coinbase's motion to compel arbitration and remand with instructions to compel arbitration.

**REVERSED AND REMANDED.**

---

[1] Indeed, the California Supreme Court has gone to great lengths to distinguish tort duties from those arising from contracts between the parties. *See, e.g. Aas*, 12 P.3d at 1135–36; *Erlich v. Menezes*, 981 P.2d 978, 983 (Cal. 1999); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 460 (Cal. 1994).